IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| TODD GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-CV-00920-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| ACJ PHG, PA, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

Cynthia Reed Eddy, United States Magistrate Judge.

## I. RECOMMENDATION

Plaintiff Todd Griffin, a *pro se* non-prisoner, seeks permission to proceed *in forma pauperis* to file a civil action against ACJ PGH, PA,[1] pursuant to 42 U.S.C. § 1983.[2] It is recommended that Plaintiff be granted leave to proceed *in forma pauperis*; however, because the claims in the Complaint are devoid of specific factual allegations to state a claim, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2), and Plaintiff be permitted to amend his complaint.

## II. REPORT

a. Background

The entirety of Plaintiff's complaint contains one allegation: that he was "held incarcerated once my case for (3/26/16 Arrest Date) was dismissed kept held with unlawful

---

[1] It is assumed for purposes of this Recommendation that ACJ PGH, PA refers to Allegheny County Jail, Pittsburgh, Pennsylvania.

[2] While Plaintiff indicates he brings this action as a prisoner, it is clear from his scant allegations that he is no longer incarcerated. Therefore, Plaintiff's claims will be treated as a non-prisoner civil rights case.

detention." *See* Compl. [ECF No. 1-1] at 5. As relief, Plaintiff demands $50,000 in damages. *See* Civil Cover Sheet [ECF No. 1-2] at 1. While Plaintiff attaches copies of documents regarding his arrest, incarceration and dismissal of the charges, he does not include any specific allegations of these matters in his complaint.

     b. <u>Standard of Review</u>

While 28 U.S.C. § 1915 authorizes litigants like Plaintiff to proceed *in forma pauperis* ("IFP"), such status is a privilege which may be denied when abused. After granting IFP status, the Court must dismiss the case *sua sponte* if (i) the allegation of poverty is untrue, (ii) the action is frivolous or malicious, (iii) the complaint fails to state a claim upon which relief may be granted, or (iv) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

In performing a court's mandated function of *sua sponte* reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard as applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Powell v. Hoover*, 956 F. Supp. 565, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and, consequently, utilizing

the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. *See Estelle v. Gamble*, 429 U.S. 97 (1976). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those contradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Or put another way, a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009) (citations omitted).

    c. Discussion

Here, Plaintiff's conclusory one-sentence complaint does not meet the pleading requirements of Federal Rule of Civil Procedure 8 which requires that a complaint include a short and plain statement of the grounds for relief. While Plaintiff claims he was detained after the charges against him were dismissed, he does not allege the identity of the persons responsible, the dates of his alleged detainment, or any other circumstances regarding the

dismissal of the charges levied against him. Likewise, he does not provide any grounds for relief. While Plaintiff attaches state court criminal records as exhibits to his petition for *in forma pauperis* status and complaint, that does not excuse him from pleading facts to state a claim upon which relief can be granted.

Because leave to amend must be granted when justice so requires, *see* Fed. R. Civ. P. 15(a)(2), Plaintiff should be granted an opportunity to amend his complaint to include sufficient factual allegations and the constitutional grounds upon which those allegations rest.

    d. Conclusion

Accordingly, it is respectfully recommended that Plaintiff be granted leave to proceed *in forma pauperis*; however it is also respectfully recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim and he be permitted to amend his complaint.

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72, and the Local Rules for Magistrates, Plaintiff has until July 14, 2016 to file objections to this report and recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

DATED this 27th day of June, 2016.

                                                          Respectfully submitted,

                                                          s/ Cynthia Reed Eddy
                                                          Cynthia Reed Eddy
                                                          United States Magistrate Judge

cc:    Honorable Arthur J. Schwab
        United States District Judge
        *via electronic filing*

TODD GRIFFIN
10615 Lindberg Avenue
Apt. #3
Pittsburgh, PA 15235