IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| TODD GRIFFIN, | ) | |
| Plaintiff, | ) | 2:16-CV-00920-AJS |
| vs. | ) | |
| ACJ PHG, PA, | ) | |
| Defendant, | ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the instant action be dismissed for plaintiff's failure to prosecute.

## II. REPORT

*a. Background*

Plaintiff, acting *pro se*, was granted leave to proceed in forma pauperis and his complaint was filed on July 25, 2016. Plaintiff's complaint was dismissed without prejudice for failing to state a claim and conform with the standards set forth in Federal Rule of Civil Procedure 8. Order of 7/25/2016 [ECF No. 3]. Plaintiff was permitted until August 12, 2016 to submit an amended complaint and did not do so. *Id*. This Court ordered Plaintiff to show cause as to why his case should not be dismissed for failure to prosecute, as he has not submitted an amended complaint. *See* Order of 9/8/2016 [ECF No. 5]. As of this date, no amended complaint or response to the show cause order has been submitted by Plaintiff.

*b. Discussion*

The United States Court of Appeals for the Third Circuit has delineated a six-factor test to guide a district court's determination of whether the involuntary dismissal of a case is

appropriate. *See Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The court must take into consideration: 1. the extent of the party's personal responsibility; 2. prejudice to the adversary; 3. the history of the party's dilatoriness; 4. whether the attorney's conduct was willful or in bad faith; 5. alternative sanctions; and 6. whether the claim is meritorious. *Id*. at 868-870. All six factors need not be met to warrant dismissal. *Hicks v. Fenney*, 850 F.2d 152 (3d Cir. 1988).

The instant action should be dismissed. Plaintiff has taken no steps necessary to prosecute his case other than his filing of a motion to proceed *in forma pauperis*. Further, plaintiff has ignored this Court's show cause order informing him that the case may be dismissed for failing to comply by either filing an amended complaint or responding to the order. Because plaintiff is proceeding *pro se*, he bears all responsibility to adequately prosecute his case. The Court finds that alternative sanctions, such as monetary sanctions, are unsuitable for an indigent plaintiff proceeding *in forma pauperis*. While the action may state meritorious claims, it is certainly impossible to determine at such a premature stage, and the Court makes no determination of the validity of plaintiff's claims.

### III. CONCLUSION

For the aforementioned reasons, it is respectfully recommended that the instant action be dismissed for plaintiff's failure to prosecute.

In accordance with the Federal Magistrate Judges Act, 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), the parties are permitted fourteen (14) days from the date of service to file written objections to the present report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objection may constitute a waiver of some appellate rights. *See Nara v. Frank*, 488

F.3d 187 (3d Cir. 2007).

DATED this 19th day of October, 2016.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge